IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NORMAN L. AGNEW | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv31 |
| NACOGDOCHES COUNTY SHERIFF, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Norman L. Agnew, an inmate confined at the Tarrant County Jail, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the Nacogdoches County Sheriff and several employees of the Nacogdoches County Jail.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges.

## Analysis

Plaintiff complains he was exposed to cruel and unusual punishment concerning his confinement at the Nacogdoches County Jail from November 8, 2016 through May, 2017.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The claims which form the basis of plaintiff's complaint occurred at the Nacogdoches County Jail which is located in Nacogdoches County, Texas. Pursuant to 28 U.S.C. § 124, Nacogdoches County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Nacogdoches County is in the Eastern District of Texas, it is in the Lufkin Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Lufkin Division of this court. A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 29th day of January, 2018.

Zack Hawthorn
United States Magistrate Judge